{¶ 53} I respectfully dissent from the opinion of the majority.
 {¶ 54} The United States Supreme Court in Atkins, as well as the Ohio Supreme Court in Lott, have acknowledged that executing mentally retarded individuals violates the Federal and Ohio prohibitions against cruel and unusual punishment.
 {¶ 55} The Ohio Supreme Court has fashioned a method for retroactively hearing these appeals in a civil format or by postconviction relief. As "civil cases" can be resolved in summary judgment proceedings, the majority has determined, based upon *Page 18 
the "civil rules," to uphold the appellant's death sentence without hearing and affirmed the trial court's granting of summary judgment to execute Mr. Williams.
 {¶ 56} This conundrum whereby the Ohio Supreme Court has applied civil standards of review — either summary judgment de novo review, or abuse of discretion as held in White — allows the majority to disregard the constitutional safeguards of due process, and its prohibition against cruel and unusual punishment, in favor of a "civil rule," illustrating the majority's misunderstanding of basic criminal and constitutional law, as well as commonly accepted diagnoses and symptoms of mental retardation. But more importantly it illustrates the problems created by the Supreme Court's choice in applying civil postconviction rules to these cases, and in trying to blend civil judgment standards in what is a prima facie criminal proceeding.
 {¶ 57} In my humble opinion, it is clear that Atkins, Lott, andWhite and their progeny, as well the U.S. and Ohio constitutions, require an evidentiary hearing to determine the issue of appellant's retardation. The majority seems oblivious to this basic constitutional premise. *Page 1